IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 11-29967 |
| | ) | |
| BEST BUILT FABRICATING, INC., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date: November 6, 2013 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | Room No.: 742 |

COVER SHEET FOR
FIRST AND FINAL FEE APPLICATION AND REIMBURSEMENT
OF EXPENSES OF LEE T. JENNINGS AND DANA CONSULTING GROUP LTD.

Name of Applicant:            Lee T. Jennings and Dana Consulting Group Ltd.

Authorized to Provide         Frances F. Gecker, Chapter 7 Trustee of the Estate of
Professional Services to:     BEST BUILT FABRICATING, INC.

Period for Which              September 12, 2012 through September 30, 2013
Compensation is Sought:

Amount of Fees Sought:        $    6,575.00

Amount of Expense             $    24.04
Reimbursement Sought:

This is a:                    First and Final Fee Application


The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $8,500.00.[1]

---

[1] Pursuant to the terms of his employment, Jennings received $8,500 for fees from the Debtor's 401k Plan and is only seeking the unpaid amount of fees and expenses $6,599.04.

{BESTBUIL/001/00035638.DOC/2}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 11-29967 |
| | ) | |
| BEST BUILT FABRICATING, INC., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date: November 6, 2013 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | Room No.: 742 |

## NOTICE OF APPLICATION

PLEASE TAKE NOTICE that on **November 6, 2013 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Carol A. Doyle in Courtroom 742 of the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, or whomever may be sitting in her place and stead, and then and there present the **First and Final Fee Application of Lee T. Jennings and Dana Consulting Group Ltd. for Allowance of Compensation and Expenses**, a copy of which is attached hereto and hereby served upon you.

Dated: October 18, 2013               Respectfully submitted,

FRANCES GECKER, not individually but as
Chapter 7 Trustee of the bankruptcy estate of
BEST BUILT FABRICATING, INC.,

By:  /s/  *Zane L. Zielinski*
                One of her attorneys

Zane L. Zielinski (IL ARDC #6278776)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035

{BESTBUIL/001/00035638.DOC/2}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BEST BUILT FABRICATING CO., | ) | |
| | ) | No. 11-29967 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |

**FIRST AND FINAL APPLICATION OF FRANCES GECKER, CHAPTER 7
TRUSTEE OF THE BANKRUPTCY ESTATE OF BEST BUILT FABRICATING CO.
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF HER ERISA
AGENT, LEE T. JENNINGS AND DANA CONSULTING GROUP, LTD.**

Lee T. Jennings and Dana Consulting Group, LTD (Collectively, "Jennings"), request first and final compensation of $6,575.00 and expenses of $24.04 for the time period from September 12, 2012 through September 30, 2013.

## INTRODUCTION

1. This Court has jurisdiction over this First and Final Fee Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. 1408 and 1409.

2. The statutory predicates for the relief requested herein are Sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated January 30, 1996 (the "UST Guidelines").

3. Under Rule 2016(b), Jennings has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than the firm's associates and other employees, or (b) any compensation another person or party has received or may receive in these cases.

## GENERAL

4. The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on or about July 22, 2011. Frances Gecker is the appointed Chapter 7 Trustee. On January 26, 2012, Jennings was approved by the Court as the ERISA Agent for the Trustee. See **Exhibit A**.

5. Reflected in this First and Final Fee Application is the Applicant's time for the termination of Debtor's 401(k) Plan (the "Plan"), payouts of employee contributions from the Plan, distribution of assets of the Plan, and preparing and filing the appropriate tax forms with the IRS once the Plan was terminated. A detail of services performed by Applicant is attached hereto as **Exhibit B**.

6. Pursuant to the terms of Jennings' employment, Jennings' initial fees were to be paid from the Plan with any unpaid fees to be paid from the Debtor's estate.

7. As of this Application, Jennings has incurred $15,075.00 in fees and $24.04 in expenses. Jennings received payment of $8,500 from the Plan, leaving an unpaid balance of $6,575.00 in fees and $24.04 in expenses. This Application is a first and final application.

8. All funds from the Plan have been disbursed. This Application seeks approval of the remaining fees and expenses owed to Jennings in the amount of $6,575.00 in fees and $24.04 in expenses from Debtor's estate.

## FEE APPLICATION

9. The fees sought by this First and Final Fee Application reflects time spent and recorded in performing services during the First Interim Compensation Period from September 12, 2012 through September 30, 2013. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtor's estate, which has already been eliminated by Jennings. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

10. All of the services for which first and final compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

11. Jennings has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

12. Jennings has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other associates of the Firm, or (b) any compensation another person or party has received or may receive. No promises have been received by Jennings as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

## ALLOWANCE OF COMPENSATION

13. The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the Chapter 7 case and was in the best interests of the estate. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. Jennings has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

14. Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including.
>
> A. the time spent on such services;
>
> B. the rates charged for such services;
>
> C. whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;
>
> D. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and
>
> E. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

15. In the instant case, Jennings respectfully submits that the services for which it seeks compensation in this First and Final Fee Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate. Jennings further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

16. The rates charged by Jennings in this case are standard for any bankruptcy matter, and are identical to the rate it would charge throughout the country in any bankruptcy case of this size and prominence.

17. In sum, the services rendered by Jennings were necessary and beneficial to the Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. As shown by this First and Final Fee Application and supporting exhibits, Jennings incurred professional time economically and without unnecessary duplication of effort. In addition, the work involved, and thus the time expended, was carefully assigned in view of the experience and expertise required for a particular task. Accordingly, approval of the first interim compensation sought herein for the Compensation Period is warranted.

## **CONCULSION AND REQUEST FOR RELIEF**

18. Based upon the foregoing, Applicant respectfully submits that the relief requested is justified in the circumstances and its allowance would be appropriate and that the requested

first and final compensation of $6,575.00 and expenses of $24.04 be allowed for services by your Applicant for the period September 12, 2012 through September 30, 2013.

/s/ Zane L. Zielinski
Trustee's Counsel

[PREPARED BY]:

Zane L. Zielinski (IL ARDC #6278776)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, IL 60654
(312) 276-1400
(312) 276-0035 (fax)

Dated: October 18, 2013

## CERTIFICATE OF SERVICE

The undersigned attorney states that on October 18, 2013, he caused a copy of the foregoing **First and Final Fee Application of Lee T. Jennings and Dana Consulting Group Ltd. for Allowance of Compensation and Expenses** to be electronically filed with the Northern District of Illinois Bankruptcy Court. Notice of the filing will be sent to all parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System. A copy also was served this day upon each of the parties who has an unpaid claim in the bankruptcy case listed on the attached Service List, by first class U.S. mail, postage prepaid which represents all creditors that the Trustee has identified.

By: /s/ *Zane L. Zielinski*
Zane L. Zielinski

# Mailing Information for Case 11-29967

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notices for this case.

- Adham Alaily    aalaily@ehrenbergeganlaw.com   [Harris Bank' counsel]
- Victoria R Glidden    vglidden@hinshawlaw.com
- Matthew M. Hevrin    mhevrin@hinshawlaw.com, jfornal@hinshawlaw.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- David P Lloyd    dlloyd@ggl-law.com
- Paul Dunn Lynch    jbcattysatlaw@yahoo.com, paul.lynch@standardbanks.com
- Edward Whalen    ewhalen@htfwlaw.com

## SERVICE LIST

*In Re Best Built Fabricating, Inc.; Case No. 11-29967*

**VIA ELECTRONIC NOTICE**
Patrick S Layng
Office of the US Trustee, Region 11
219 S Dearborn
Room 873
Chicago, IL 60604-2027

**VIA ELECTRONIC NOTICE**
James B. Carroll, Esq.
Standard Bank Building
7800 W 95th St 2nd Fl East
Hickory Hills, IL 60457

Denean K. Sturino
O'Hagan Spencer, LLC
One East Wacker Drive; Suite 3400
Chicago, IL 60601

**VIA ELECTRONIC NOTICE**
Adham Alaily
Ehrenberg & Egan, LLC
330 N. Wabash Ave, Suite 2905
Chicago, IL 60611

First National Bank of Omaha
1620 Dodge Street Stop Code 3105
Omaha, Ne 68197

McMaster Carr Supply Co
600 County Line Road
Elmhurst, IL 60126-2081

Black Diamond Pipe & Tube, Inc.
29900 S. Governors Highway
Peotone, IL 60468-8975

**VIA ELECTRONIC NOTICE**
David P Lloyd
Grochocinski, Grochocinski & Lloyd
1900 Ravinia Place
Orland Park, IL 60462-3760

**Via Electronic Notice**
Edward Whalen, Hedberg, Tobin,
Flaherty & Whalen
Three First National Plaza Ste 2150
Chicago, IL 60602

Keith J. Sullivan
12791 87th Ave
St. John, IN 46373

Thakor J. Bhagwakar PE SE
129 Ghaverhill Lane
Schaumburg, IL 60193-1015

Sugar Steel Corporation
2521 State Street
Chicago Heights, IL 60411-4300

Titan Crane Rental Inc
13019 Division Street
Blue Island IL 60406-2606

Lexco
7320 West Agatite
Norridge, IL 60706

**VIA ELECTRONIC NOTICE**
Victoria R. Glidden
Hinshaw & Culbertson LLP
100 Park Ave
PO Box 1389
Rockford, IL 61105-1389

Frank Szablewski
1135 Pine Place
New Lenox, IL 60451

Williams Steel Erectors Inc
12148 Blackthrone Ridge Drive
Mokena, IL 60448-8114

Lexco
7320 W Agatite
Norridge, IL 60706-4707

Liberty Mutual Group
100 Liberty Way; POB 1525
Dover, NH 03821-1525

Information Age
1111 S. Dixie Highway; Suite 203
Beecher, IL 60401-4003

Timothy O'Driscoll & Kevin O'Connell
Ledcor Construction Inc.
18 West 140 Butterfield Road, Suite 400, Oakbrook Terrace, IL 60181

{BESTBUIL/001/00035638.DOC/2}

| | | |
|---|---|---|
| AZZ Galvanizing Services<br>625 Mills Road<br>Joliet, IL 60433 | David Kapat, Esq.<br>Tressler LLP<br>233 South Wacker Drive, 22nd Floor<br>Chicago, IL 60606 | Airgas North Central<br>10 W 4th St<br>Waterloo, IA 50707 |
| Linda L. Sullivan<br>10191 Fehlberg<br>St. John, IN 46373 | Rose A Szeblewski<br>16924 White Oak<br>Lowell, IN 46356 | |

{BESTBUIL/001/00035638.DOC/2}