IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 11-29967 |
| | ) | |
| BEST BUILT FABRICATING CO., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | **Hearing Date:** June 10, 2015 |
| | ) | **Hearing Time:** 10:30 a.m. |
| | ) | **Room No.:** 742 |

## COVER SHEET FOR FOURTH AND FINAL FEE APPLICATION AND REIMBURSEMENT OF EXPENSES OF FRANKGECKER LLP

Name of Applicant:  FrankGecker LLP

Authorized to Provide Professional Services to:  FRANCES GECKER, Chapter 7 Trustee of the Estate of Best Built Fabricating Co.

Period for Which Compensation is Sought:  April 1, 2014 through April 30, 2015

$ 20,362.94

Amount of Expense Reimbursement Sought:  $ 6.19

This is a:  Fourth and Final Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred in connection with this case is: $304,084.18.

{BESTBUIL/001/00041379.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 11-29967 |
| | ) | |
| BEST BUILT FABRICATING CO., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | **Hearing Date: June 10, 2015** |
| | ) | **Hearing Time: 10:30 a.m.** |
| | ) | **Room No.:     742** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **June 10, 2015 at 10:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Carol A. Doyle in Courtroom 742 of the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, or whomever may be sitting in her place and stead, and then and there present the **Fourth and Final Fee Application of FrankGecker, LLP, as Counsel to Frances Gecker, Chapter 7 Trustee**, a copy of which is attached hereto and hereby served upon you.

Dated: April 30, 2015

Respectfully submitted,

FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of BEST BUILT FABRICATING CO.,

By:    /s/    *Reed Heiligman*
        One of her attorneys

Reed Heiligman (IL ARDC #6294312)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
rheiligman@fgllp.com

{BESTBUIL/001/00041379.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BEST BUILT FABRICATING CO., | ) | |
| | ) | No. 11-29967 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |

## FOURTH AND FINAL FEE APPLICATION OF FRANKGECKER LLP

FrankGecker LLP ("FG") hereby submits this Fourth and Final fee application (the "Application") for compensation and reimbursement of expenses pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1), for legal services performed and expenses incurred as counsel to Frances Gecker, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Best Built Fabricating Co. (the "Debtor"), during the period of April 1, 2014 through April 30, 2015 (the "Application Period"). In support hereof, FG respectfully represents as follows:

### INTRODUCTION

1. On July 22, 2011, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

2. Frances Gecker is the duly appointed Chapter 7 Trustee.

3. On December 8, 2010, this Court entered an order authorizing the Trustee to retain Zane L. Zielinski and the professionals of FrankGecker LLP as her counsel in the Case retroactive to July 22, 2011.

4. The Debtor operated a metal fabricating business located at 16650 S. Vincennes Avenue, South Holland, Illinois.

5. The Debtor provided metal fabricating services for various residential and commercial construction projects throughout the Chicago area.

6. Since the Trustee's appointment, FG has undertaken a number of assignments to provide legal services to the Trustee in connection with her administration of the Debtor's estate. Prior to the current Application Period, among other things, FG provided legal services in connection with:

- (i) The Trustee's operation of the Debtor's business while the Debtor completed four open construction projects;
- (ii) The sale of the Debtor's machinery and equipment;
- (iii) Collection of the Debtor's accounts receivable;
- (iv) Negotiation related to the liquidation of the Real Estate and the resolution of various secured claims; and
- (v) Representation of the Trustee in the Debtor's pending mechanics lien foreclosure case in state court.

7. FG's principal focus during the Application Period has been the wrapping up of estate tax issues, final disposition of the Debtor's 401(k) plan and final review of the Debtor's accounts to determine if additional collections could be made.

8. Pursuant to a settlement agreement reached with Amalgamated Bank, the Trustee was able to make an interim distribution to creditors. FG prepared a motion to make the interim distribution and appeared in court for hearing on approval of the motion. The approval of the settlement agreement resulted in a $400,000 recovery for the estate. As a result, creditors received payment in full of all allowed claims, with interest, and a substantial distribution will be made to the Debtor's shareholders.

9. This Application seeks allowance of all fees and expenses incurred by FG during the Application Period.

10. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

## I. SERVICES PERFORMED

### A. Administration                                                                 $5,015.50

FG provided **13.70** hours of legal services, at a cost of **$5,015.50** on general administration issues including communications with the shareholders, attending to 401(k) issues and tax issues. Communications with accountant and shareholders regarding amending tax returns and K-1 Schedules, including follow-up communications with shareholders.

### B. Claims                                                                        $3,539.50

FG provided **13.40** hours of legal services, at a cost of **$3,539.50,** in connection with reviewing claims and preparation, filing and appearing in court on Trustee's motion to pay claims.

### C. Report of Sale                                                                $3,361.00

FG provided **12.20** hours of legal services at a cost of **$3,361.00**, in connection with the review, preparation, updating and filing reports of sale for assets distribution and allocation.

### D. Retention of Professionals/Fee Applications                                   $5,713.50

FG provided **14.10** hours of legal services, at a cost of **$5,713.50,** in connection with the preparation of FG's Third Interim and Fourth and Final Fee Applications.

| | | |
|---|---|---:|
| E. | **State Court Litigation** | **$3,037.50** |

FG provided **8.10** hours of legal services, at a cost of **$3,037.50,** in connection with issues related to the State Court Action.

As a result of the aforementioned settlement agreement, creditors received payment in full of all allowed claims and a substantial distribution will be made to the Debtor's shareholders.

## II.   ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

A.   <u>Micah R. Krohn</u> (MRK) is senior counsel at FG. Mr. Krohn graduated from the Cardozo School of Law in 1992 and served as law clerk to the Hon. Erwin I. Katz from 1992 through 1994. Mr. Krohn specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases for more than 20 years.

B.   <u>Zane L. Zielinski</u> (ZLZ) was an associate at FrankGecker LLP. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

C.   <u>Michael H. Matlock</u> (MHM) is a bankruptcy paralegal at FrankGecker LLP. Mr. Matlock is a graduate of the University of Oklahoma. Mr. Matlock has over twenty-five years of bankruptcy experience working on debtor, creditor and trustee representations.

D.   <u>Christina Smith</u> (CS) is a bankruptcy paralegal at FrankGecker LLP. Ms. Smith is a graduate of the

## III.   CALCULATION OF TIME AND FEES

This is the Trustee's Fourth and Final application for compensation and reimbursement of fees and expenses incurred by FG during the Application Period. All professional services for

which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtor's estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibits, FG's attorneys and paralegal have spent a total of **61.50** hours providing necessary legal services for the Trustee. As a result, they request compensation in the amount of **$20,362.94** for actual, necessary legal services performed (**Exhibit A**). The average hourly rate is **$331.10**. In addition, FG has expended the sum of **$6.19** for actual, necessary expenses incurred in representing the Trustee (**Exhibit A**). FG has voluntarily written off all expenses related to fax charges and copy charges.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data incorporated into the Application was derived directly from computer printouts of information that FG maintains in the normal course of its law practice in connection with this case. The hourly rates charged are the regular hourly rates charged by the firm to its clients. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was either a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared a time exhibit presented in the attached **Exhibit A**. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this Application for its overhead expenses, including word processing or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, FG's nonbankruptcy clients routinely are billed and pay these types of expenses. *See In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

No compensation has been promised to FG other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FrankGecker LLP respectfully requests that this Court enter an Order:

A.  Allowing FrankGecker LLP compensation for actual, necessary legal services in the amount of **$20,362.94**;

B.  Allowing FrankGecker LLP reimbursement of actual, necessary expenses in the amount of **$6.19**;

C.  Authorizing the Trustee to pay FrankGecker LLP compensation and expense reimbursement in the total amount of **$20,369.13**; and

    D.    Granting such other relief as the Court deems just.

Dated: April 30, 2015

Respectfully submitted,

FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of BEST BUILT FABRICATING CO.

By: /s/ *Reed Heiligman*
    One of her attorneys

Reed Heiligman (IL ARDC #6294312)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
rheiligman@fgllp.com